Patrick J. Cerillo, Esq.
Patrick J. Cerillo, LLC
4 Walter E. Foran Blvd., Suite 402
Flemington, NJ 08822
Attorney ID No. 01481-1980
T: (908) 284-0997
F: (908) 284-0915
pjcerillolaw@comcast.net
*Attorneys for Plaintiff*

---

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

MALIBU MEDIA, LLC,

    Plaintiff,

v.     Case No. 3:15-cv-04269-FLW-LHG

[REDACTED],

    Defendant.

_____/

**REPLY MEMORANDUM OF LAW IN SUPPORT OF
PLAINTIFF'S MOTION TO STRIKE ANSWER AND AFFRIMATIVE DEFENSES**

Motion Return Date:  February 5, 2018

**No Oral Argument Requested by Plaintiff**

# Contents

I. INTRODUCTION ............................................................................................................... 4

II. ARGUMENT ..................................................................................................................... 5

   a. **Defendant's References to Plaintiff as "Copyright Troll" Should Be Stricken** ......................... 5

   b. **Defendant's Affirmative Defenses are Insufficient and Should Be Stricken or Summarily Dismissed** ................................................................................................................ 8

III. CONCLUSION ............................................................................................................... 10

# TABLE OF AUTHORITIES

**Cases**

*Alward v. Burrelle's Info. Servs.*, No. CV-00-365-PHX-ROS, 2001 WL 1708779, at *9 (D. Ariz. Dec. 5, 2001) .................................................................................................................................... 7
*Dann v. Lincoln Nat. Corp.*, 274 F.R.D. 139, 147 (E.D. Pa. 2011) ...................................................... 10
*Doe v. W. Am. Province of Capuchin Franciscan Friars* ............................................................................ 7
*F.T.C. v. Hope Now Modifications, LLC*, No. 09-1204, 2011 U.S. Dist. LEXIS 24657, *11 (D. N.J. Mar. 10, 2011) ........................................................................................................................... 8
*In re Campora*, No. 14-CV-5066 JFB, 2015 WL 5178823, at *8 (E.D.N.Y. Sept. 3, 2015) ........................ 7
*Malibu Media, LLC v. Doe*, Civil Action No. 14-cv-00259-WYD-MEH, 2014 U.S. Dist. LEXIS 59172, at *14 (D. Colo. Apr. 28, 2014) ................................................................................................ 7
*Malibu Media, LLC v. Funderburg*, No. 1:13-cv-02614, 2015 U.S. Dist. LEXIS 53783, at *9 (N.D. Ill. Apr. 24, 2015) ........................................................................................................................... 6
*Malibu Media, LLC v. John Does 1, 6, 13, 14*, 950 F. Supp. 2d 779, 788 (E.D. Pa. 2013) .......................... 6
*Malibu Media, LLC v. John Does 1-30*, 2:12-cv-13312-DPH-MJH, CM/ECF 61, at p. 15 (E.D. Mich. May 16, 2013) ................................................................................................................................... 7
*Malibu Media, LLC v. John Does 1-5,* 2012 WL 3641291, at *4 (S.D.N.Y. 2012) .................................... 7
*Malibu Media, LLC v. John Does 1-6*, 2013 WL 2150679 (N.D. Ill. 2013) .......................................... 7
*Malibu Media, LLC v. John Does 1-9*, 8:12-cv-00669-SDM-AEP, CM/ECF 25, at p. 7 (M.D. Fla. July 6, 2012) ............................................................................................................................................ 7
*Malibu Media, LLC v. Reynolds*, 2013 WL 870618 at *7 (N.D. Ill. 2013) .............................................. 7
*Micromed Tech., Inc. v. Birdsall*, No. CIV 13-586-TUC-CKJ, 2014 WL 129049, at *3 (D. Ariz. Jan. 3, 2014) ................................................................................................................................................ 7
*Newborn Bros. Co., Inc. v. Albion Eng'g Co.*, 299 F.R.D. 90, 93 (D. N.J. 2014) ..................................... 9
*U.S. v. Geppert Bros., Inc.*, 638 F.Supp. 996, 998 (E.D. Pa. 1986) ......................................................... 9
*Vazquez v. Triad Media Sols., Inc.*, No. 15-cv-07220 (WHW)(CLW), 2016 U.S. Dist. LEXIS 3912, at *7 (D.N.J. Jan. 13, 2016) ................................................................................................................. 10
*Weske v. Samsung Elecs., Am., Inc.*, 934 F. Supp. 2d 698, 702 (D.N.J. 2013) ........................................ 4

**Rules**
District of New Jersey Local Rule 7.1 ......................................................................................... 3
Fed. R. Civ. P. 12 ................................................................................................................... 3, 4

Plaintiff, Malibu Media, LLC ("Plaintiff"), by and through undersigned counsel, and pursuant to Fed. R. Civ. P. 12 and District of New Jersey Local Rule 7.1, hereby files its reply in support of its motion for the entry of an order striking the impertinent, immaterial, and scandalous references to Plaintiff as a "copyright troll" and the First, Third, Fourth, Sixth, Seventh, Eighth, Ninth, Tenth, Eleventh, and Twelfth Affirmative Defenses filed by Defendant, [REDACTED] ("Defendant"), and states as follows:

## I.    **INTRODUCTION**

Defendant impertinently, immaterially, and scandalously characterizes Plaintiff as a "copyright troll" throughout the Answer.[1]  Prejudice to Plaintiff from this continued name calling is clear, allowing the reference to stand only perpetuates Defendant's counsel's crusade to have Plaintiff viewed negatively by the Court, and the court of public opinion, both damaging Plaintiff's reputation as a rightful prosecutor of its copyrights, and as a business.[2]  This type of improper, argumentative, and impertinent content has no place in an answer.  Therefore, such name calling in Defendant's Answer is ripe for this Motion to Strike.

The case cited by Defendant, *Weske v. Samsung Elecs., Am., Inc.*, 934 F. Supp. 2d 698, 702 (D.N.J. 2013) is inapposite.  In the *Weske* case the court did not strike two references in a second amended class action complaint which referenced consumer posts on the internet complaining that defects in a certain brand of refrigerator lead to losses.  Those posts did not name call or make derogatory comments about the refrigerator company and were included in the second amended complaint in the section regarding support for the plaintiff's argument that the

---

[1] References to Plaintiff as "copyright troll" appear in Answer ¶¶8, 17, 19, 21, 23, 24, 25, 26, 28, 29, 31, 32, 33, and 34.
[2] Defense counsel admits he has long resorted to name calling in his defense of Plaintiff's cases, *see* Opposition CM/ECF 40 at p. 12.

refrigerator manufacturer knew or should have known of defects prior to plaintiffs' losses. In that case it is clear to see why the court did not strike the references to the internet posting. In this case the name calling is not relevant, or probative, and is prejudicial to Plaintiff.

Defendant also attempts to assert the following affirmative defenses: (a) failure to state a claim; (b) misuse of copyright; (c) failure to join indispensable parties; (f) failure to mitigate damages; (g) barring statutory damages & attorney's fees; (h) license, consent & acquiescence; (i) unclean hands; (j) lack of volitional act; (k) estoppel; and, (l) intervening causes. As more fully explained below, each of the asserted Affirmative Defenses is a mere recitation of the name or elements of the defense with no suggestion of its applicability to this particular matter. Therefore, the defenses are insufficient and should be stricken or summarily dismissed by the Court. Prejudice to Plaintiff in allowing these insufficient affirmative defenses to proceed is clear, Plaintiff will be forced to waste time and go to great expense on needless discovery on insufficiently stated, or unsupported affirmative defenses.

## II.     ARGUMENT

### a. Defendant's References to Plaintiff as "Copyright Troll" Should Be Stricken

Defendant's name calling, i.e. references to Plaintiff as a "copyright troll", is argumentative, impertinent, has no place in an answer. The name calling prejudices Plaintiff by reducing Plaintiff's image and their efforts at deterring infringement of their copyrights, and perpetuates Defendant's counsel's clear agenda that Plaintiff be negatively viewed by the Court for its rightful prosecution of the copyrights to its original works. Defendant's improper and repeated reference to Plaintiff as a "copyright troll" is only prejudicial and not at all probative of the issues in this lawsuit or Defendant's defenses.

Importantly, the term "copyright troll" is a derogatory term defendants often employ to reference those plaintiffs that purchase and then prosecute copyrights for profit "generally without producing or licensing the works it owns for paid distribution."[3]  This is a false characterization as applied to Plaintiff in this matter, and Plaintiff is clearly prejudiced by the improper label.  To explain, Plaintiff is the sole creator of all of its content and spends significant time and expense doing all of the necessary videography, photography, and editing.  Plaintiff absolutely owns the copyrights to its movies, and not merely the right to sue.  *See* Declaration of Collette Field In Support of Plaintiff's Motion for Leave to Take Discovery Prior to A Rule 26(f) Conference at ¶¶3, 6-11, 14, 17, and 20-22.

Further, Defendant summarily states that there are "opinions and orders written by Article III judges, in this district and throughout the country, all of which confirm…Malibu Media is a copyright troll." *See* Opposition CM/ECF 40 at p. 8.  However, Defendant provides no citation to any of these opinions and orders.  In fact, the opposite is true, for example, after concluding trial with Plaintiff, the Honorable Judge Baylson found Malibu Media did not use "unscrupulous tactics and false accusations to collect millions of dollars from innocent and injured computer users." *Malibu Media, LLC v. John Does 1, 6, 13, 14*, 950 F. Supp. 2d 779, 788 (E.D. Pa. 2013).  Other courts have also opined that the criticism Plaintiff receives is unwarranted. "As an actual producer of pornographic films, ***Malibu Media is unlikely a non-producing troll*** that purchases the right to bring lawsuits against alleged infringers." *Malibu Media, LLC v. Funderburg*, No. 1:13-cv-02614, 2015 U.S. Dist. LEXIS 53783, at *9 (N.D. Ill. Apr. 24, 2015)(emphasis added).  "[T]his Court has had the opportunity to observe Plaintiff and Plaintiff's counsel on a number occasions and in a variety of contexts… ***the Court has found that Plaintiff is not a "copyright troll***…."  *Malibu*

---

[3] Wikipedia, https://en.wikipedia.org/wiki/Copyright_troll (last accessed January 29, 2018).

*Media, LLC v. Doe*, Civil Action No. 14-cv-00259-WYD-MEH, 2014 U.S. Dist. LEXIS 59172, at *14 (D. Colo. Apr. 28, 2014) (emphasis added). "Doe 5 has not presented any evidence that Malibu has engaged in harassing behavior for the Court to consider, nor has the Court observed bad faith behavior or the use of improper tactics on its part thus far." *Malibu Media, LLC v. John Does 1-6*, 2013 WL 2150679 (N.D. Ill. 2013). *See also Malibu Media, LLC v. John Does 1-5,* 2012 WL 3641291, at *4 (S.D.N.Y. 2012) (same); *Malibu Media, LLC v. John Does 1-30*, 2:12-cv-13312-DPH-MJH, CM/ECF 61, at p. 15 (E.D. Mich. May 16, 2013) (same); *Malibu Media, LLC v. Reynolds*, 2013 WL 870618 at *7 (N.D. Ill. 2013) ("the fact that suits of this nature settle quickly does not mean there is any wrongdoing on the part of copyright owners."); *Malibu Media, LLC v. John Does 1-9*, 8:12-cv-00669-SDM-AEP, CM/ECF 25, at p. 7 (M.D. Fla. July 6, 2012) (same).

As stated in Plaintiff's initial brief, the Court may strike from a pleading any immaterial, impertinent, scandalous, and defamatory material in the Answer, especially those that "amount to name-calling and are argumentative or disrespectful." . *Alward v. Burrelle's Info. Servs.*, No. CV-00-365-PHX-ROS, 2001 WL 1708779, at *9 (D. Ariz. Dec. 5, 2001); See e.g. *Takeda Pharm. Co v. Zydus Pharm. USA Inc.*, Civil Action No. 10-1723 (JAP), 2011 U.S. Dist. LEXIS 56328, at *22-23 (D.N.J. May 25, 2011); *Micromed Tech., Inc. v. Birdsall*, No. CIV 13-586-TUC-CKJ, 2014 WL 129049, at *3 (D. Ariz. Jan. 3, 2014); *In re Campora*, No. 14-CV-5066 JFB, 2015 WL 5178823, at *8 (E.D.N.Y. Sept. 3, 2015); *Doe v. W. Am. Province of Capuchin Franciscan Friars*, No. 2:14-CV-01428-HZ, 2015 WL 5522016, at *6 (D. Or. Sept. 17, 2015).

In ¶¶8, 17, 19, 21, 23, 24, 25, 26, 28, 29, 31, 32, 33, and 34 of Defendant's Answer, Defendant resorts to name calling, impertinently and scandalously referring to Plaintiff as "Copyright Troll" instead of by name or by Plaintiff. This improper argument has no place in an answer, and is clearly meant to harass and embarrass a Plaintiff who has done nothing more than

pursue its statutory right to damages for infringement of its original motion picture works that are frequently downloaded by Defendant, and others as alleged in the Amended Complaint. Defendant's counsel boldly suggests that because Plaintiff did not take him to task for use of the derogatory reference in the past Plaintiff is estopped from standing up for itself now. This argument is without support, the cumulative effect of defense counsel's repeated mislabeling of Plaintiff as a copyright troll only makes the behavior, and thus the prejudice to Plaintiff in this lawsuit, even greater.

Therefore, Plaintiff requests that ¶8 of Defendant's Answer be stricken in its entirety, and that all subsequent references to Plaintiff as "copyright troll" in ¶¶17, 19, 21, 23, 24, 25, 26, 28, 29, 31, 32, 33, and 34 of Defendant's Answer also be stricken.

### b. **Defendant's Affirmative Defenses are Insufficient and Should Be Stricken or Summarily Dismissed**

Fundamentally, Defendant does not even attempt to argue that his affirmative defenses are sufficiently plead, he merely asks the Court to decline to strike his inadequate defenses for two unsupportable reasons.

First, because of an unsupported claim that Plaintiff may not own a valid copyright. These affirmative defenses are entirely unsupported by any facts alleged by Defendant and are contradicted by those facts alleged by Plaintiff in the Amended Complaint. As discussed above, Plaintiff absolutely owns the copyrights to its movies, and not merely the right to sue. Indeed, Plaintiff is the sole creator of all of its content and spends significant time and expense doing all of the necessary videography, photography, and editing. Plainly, no one else can claim a right to Plaintiff's movies, and Defendant's erroneous assertion of affirmative defenses to the contrary is improper speculation. *See, e.g., F.T.C. v. Hope Now Modifications, LLC*, No. 09-1204, 2011 U.S. Dist. LEXIS 24657, *11 (D. N.J. Mar. 10, 2011) ("[D]efense counsel, by signing such a pleading,

8

certifies to the best of counsel's belief, formed after reasonable inquiry, that the [claims] are warranted by [fact and law]… The Rule 11 requirement that parties have a good-faith basis for their pleadings applies to answers").

Rule 11 violations aside, Defendant's blatantly false contentions have absolutely no impact on the Rule 11(f) analysis, which is simply designed to streamline litigation and ferret out improper affirmative defenses. *See Newborn Bros. Co., Inc. v. Albion Eng'g Co.*, 299 F.R.D. 90, 93 (D. N.J. 2014).

Defendant next asks this Court to deny Plaintiff's motion to strike because, although he provides no evidence that his affirmative defenses are properly plead or sufficient as a matter of law, he claims that "…[Plaintiff] to demonstrate how (if at all) it could be prejudiced by the defendant's inclusion of these affirmative defenses." *See* Opposition CM/ECF 40 at p. 9. This argument misconstrues Plaintiff's burden and misunderstands the function of Rule 12(f). Rule 12(f) motions to strike "serve a useful purpose in eliminating [repetitive or] insufficient defenses and thus sav[e] the time and expense which would otherwise be spent in litigating issues which would not [a]ffect the outcome of the case." *Newborn Bros. Co.*, 299 F.R.D. at 93; *U.S. v. Geppert Bros., Inc.*, 638 F.Supp. 996, 998 (E.D. Pa. 1986) (same). Here, prejudice to Plaintiff is clear, Plaintiff (with no way of knowing how Defendant may challenge the complaint on the basis of those bare affirmative defenses) would have to waste time and expense in needless and time-consuming discovery relating to affirmative defenses that are legally insufficient are ripe for narrowing through this Motion to Strike. This is just the kind of situation contemplated in Rule 12(f) for the striking of affirmative defenses, and Plaintiff's motion should be granted. *See, e.g., id.* (insufficient defenses should be stricken in order to save the time and expense otherwise spent in needless discovery).

For these reasons, the Court should strike Defendant's First, Third, Fourth, Sixth, Seventh, Eighth, Ninth, Tenth, Eleventh, and Twelfth Affirmative Defenses.[4]

### III.  CONCLUSION

For the foregoing reasons, as well as those set forth in Plaintiff's subject motion to strike, the Court should enter an order:

(A)  Striking ¶8 of Defendant's Answer in its entirety;

(B)  Striking all subsequent references to Plaintiff as "copyright troll" in ¶¶17, 19, 21, 23, 24, 25, 26, 28, 29, 31, 32, 33, and 34 of Defendant's Answer;

(C)  Granting Plaintiff's Motion to Strike or Summarily Dismiss Defendant's First, Third, Fourth, Sixth, Seventh, Eighth, Ninth, Tenth, Eleventh, and Twelfth Affirmative Defenses;

(D)  Striking or summarily dismissing Defendant's First, Third, Fourth, Sixth, Seventh, Eighth, Ninth, Tenth, Eleventh, and Twelfth Affirmative Defenses; and,

(E)  Granting Plaintiff such other and further relief as this Court deems just and proper.

Dated: January 29, 2018

>  Respectfully submitted,
>
>  By:  /s/ *Patrick J. Cerillo*
>  Patrick J. Cerillo, Esq.

---

[4] In the alternative, Plaintiff moves for an order under Fed. R. Civ. P. 12(e) for a more definite statement. Rule 12(e) provides: "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." "Courts have routinely dismissed without prejudice and have granted leave to amend "bare bones" defenses, *Dann v. Lincoln Nat. Corp.*, 274 F.R.D. 139, 147 (E.D. Pa. 2011), and other defenses where there is "little indication that amendment is futile," *Mifflinburg Telegraph*, 80 F. Supp. 3d at 574." *Vazquez v. Triad Media Sols., Inc.*, No. 15-cv-07220 (WHW)(CLW), 2016 U.S. Dist. LEXIS 3912, at *7 (D.N.J. Jan. 13, 2016).

>Patrick J. Cerillo, LLC
>4 Walter E. Foran Blvd., Suite 402
>Flemington, NJ 08822
>Attorney ID No. 01481-1980
>T: (908) 284-0997
>F: (908) 284-0915
>pjcerillolaw@comcast.net
>*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on January 29, 2018, I electronically filed the foregoing document with the Clerk of the Court and all parties using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

>By: /s/ *Patrick J. Cerillo*
>Patrick J. Cerillo, Esq.